AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>ERNESTO INOWE (1) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:   3:23-CR-02187-RSH<br><br>Maria Fernanda Ezquerro<br>Defendant's Attorney |

**USM Number**       09893-506

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)      1 of the Information _____

☐ was found guilty on count(s)    _____
   after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:2252(a)(4)(B)- Possession of Images of Minors Engaged in Sexually Explicit Conduct Criminal | 1 |

The defendant is sentenced as provided in pages 2 through _____ 13 _____ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is      dismissed on the motion of the United States.

☒ Assessment :  $100.00 imposed

   –

☐ JVTA Assessment*: $

   –

   *Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine      ☒ Forfeiture pursuant to order filed     10/16/2024      , included herein.

   IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 18, 2024 _____
Date of Imposition of Sentence

_____
HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ERNESTO INOWE (1) | Judgment - Page **2** of 13 |
| CASE NUMBER: | 3:23-CR-02187-RSH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
41 months

☐　　Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒　　The court makes the following recommendations to the Bureau of Prisons:

　　　Incarceration in the western region as close to San Diego as possible to facilitate family visits

☐　　The defendant is remanded to the custody of the United States Marshal.

☐　　The defendant must surrender to the United States Marshal for this district:

　　　☐　at _____ A.M.　　on _____

　　　☐　as notified by the United States Marshal.

☒　　The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　　☒　on or before 1/02/2025 by 12:00 PM

　　　☐　as notified by the United States Marshal.

　　　☐　as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

　　Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL


　　　　　　　　　　　　　　　　　　_____
　　　　　　By　　　　　　　DEPUTY UNITED STATES MARSHAL

3:23-CR-02187-RSH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ERNESTO INOWE (1) | Judgment - Page **3** of 13 |
| CASE NUMBER: | 3:23-CR-02187-RSH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
10 years

## MANDATORY CONDITIONS

1.  The defendant must not commit another federal, state or local crime.
2.  The defendant must not unlawfully possess a controlled substance.
3.  The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)

4.  ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5.  ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6.  ☒ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7.  ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ERNESTO INOWE (1) | Judgment - Page 4 of 13 |
| CASE NUMBER: | 3:23-CR-02187-RSH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | ERNESTO INOWE (1) | Judgment - Page 5 of 13 |
| CASE NUMBER: | 3:23-CR-02187-RSH | |

## SPECIAL CONDITIONS OF SUPERVISION

1.  Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition.

2.  Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

3.  Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which are capable of accessing, storing, or transmitting visual depictions of "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), without prior approval by the court or probation officer, all of which are subject to search and seizure. Such devices include, but are not limited to smart phones, smart watches, video game consoles, digital tablets, I-pods, and not excluding anything else that has the capability of doing so in the future and can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software.

4.  Not associate with, or have any contact with, any known sex offenders unless in an approved treatment and/or counseling setting.

5.  Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

6.  Not initiate any contact (personal, electronic or otherwise) or associate with anyone under the age of 18, unless in the presence of a supervising adult who is aware of the offender's deviant sexual behavior and nature of offense and conviction, with the exception of the offender's biological children, unless approved in advance by the probation officer.

7.  Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

8.  Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.

9.  Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | ERNESTO INOWE (1) | Judgment - Page 6 of 13 |
|---|---|---|
| CASE NUMBER: | 3:23-CR-02187-RSH | |

10. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved statecertified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.

11. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

12. Not enter or reside in the Republic of Mexico without permission of the court or probation officer and comply with both United States and Mexican immigration laws.

13. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

//

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,                    Case No.: 23CR2187-RSH

11                   Plaintiff,

12                                                **ORDER OF RESTITUTION**

13        v.

14   ERNESTO INOWE,

15                   Defendant.

16

17        IT IS HEREBY ORDERED:

18        1.      Pursuant to 18 U.S.C. § 2259 and 18 U.S.C. § 3663A(a)(1), Defendant

19   ERNESTO INOWE (hereinafter "Defendant") shall pay restitution in the amount of

20   **$39,000** as a result of Defendant's conviction for Possession of Images of Minors Engaged

21   in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). There was a

22   previous restitution order from the Court, ECF No. 63, but that order is now vacated.

23        2.      Restitution shall be paid to the following victims in the specified amounts,

24   pro rata:

25

| Victims | Amount |
| --- | --- |
| "Maureen" of the Lighthouse1 Series | $3,000 |
| "PD11" of the PD11Series | $3,000 |

26

27

28

| | |
|---|---|
| "Sloane" of the Tara Series | $3,000 |
| "Julie" of the JBN Flowers1 Series | $3,000 |
| "Maria" of the BestNecklace Series | $3,000 |
| "Pia" of the SweetWhiteSugar Series | $3,000 |
| "Jenny" of the Jenny Series | $3,000 |
| "Ali" of the ZooFamily1 Series | $3,000 |
| "Eliza" of the HG1 Series | $3,000 |
| "SV" of the SparklingVelvet Series | $3,000 |
| "Chelsea" of the 2crazygurls Series | $3,000 |
| "Ivy" of the JBNFlowers2 Series | $3,000 |
| "Lily" of the Vicky Series | $3,000 |

3.     Defendant shall make a bona fide effort to pay restitution in full as soon as practicable.

4.     After considering the factors set forth in 18 U.S.C. § 3664(f)(2), the Court finds that the Defendant has the ability to pay the restitution as set forth in the following payment schedule:

a.     During any period of incarceration, Defendant shall pay restitution through the Inmate Financial Responsibility Program at the rate of 50% of Defendant's income, or $25.00 per quarter, whichever is greater.

b.     Upon release from custody, Defendant shall pay restitution at the rate of at least $250 per month, subject to modification upon further agreement of the parties or order of the Court.

5.     This payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).

6.      Defendant shall forward all restitution payments, by bank or cashier's check or money order payable to the "Clerk, U.S. District Court," to:

> Clerk of the Court
>
> United States District Court
>
> Southern District of California
>
> 333 West Broadway, Suite 420
>
> San Diego, CA 92101

7.      The Court has determined that Defendant has the ability to pay interest. Thus, Defendant shall pay interest pursuant to 18 U.S.C. § 3612(f)(1).

8.      Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution no later than thirty days after the change occurs. *See* 18 U.S.C. § 3664(k).

9.      Until restitution has been paid, Defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in mailing or residence address, no later than thirty days after the change occurs. *See* 18 U.S.C. § 3612(b)(1)(F).

IT IS SO ORDERED.

DATED: _10/18/24_

_____
HON. ROBERT S. HUIE
United States District Judge

1
2
3
4
5
6                     UNITED STATES DISTRICT COURT

7                   SOUTHERN DISTRICT OF CALIFORNIA

8    UNITED STATES OF AMERICA,            Case No.  23-CR-2187-RSH

9                    Plaintiff,           PRELIMINARY ORDER OF
                                          CRIMINAL FORFEITURE
10            v.

11   ERNESTO INOWE,

12                    Defendant.

13

14        WHEREAS, in the Information, the United States alleged forfeiture of all

15   property of Defendant ERNESTO INOWE ("Defendant"), that constituted visual

16   depictions as described in 18 U.S.C. § 2252, all properties constituting, or traceable

17   to gross profits or proceeds of the offense, and all properties used or intended to be

18   used to commit or to promote the commission of the offense set forth in Count 1 of

19   the Information which charged a violation of 18 U.S.C. § 2252(a)(4)(B), and

20   forfeitable pursuant to 18 U.S.C. § 2253; and

21        WHEREAS, on or about February 26, 2024, Defendant pled guilty before

22   Magistrate Judge Karen S. Crawford to Count 1 of the Information, which plea

23   included consent to the forfeiture allegations of the Information and forfeiture of all

24   properties seized in connection with the case, including forfeiture of all visual

25   depictions as described in § 2252, all properties constituting proceeds of the offense,

26   and all properties used or intended to be used to commit or to promote the

27   commission, including, but not limited to forfeiture of the following:

28        (1) computer images and printed images determined by law enforcement
          to depict minors engaging in sexually explicit conduct and

1    (2) the items, equipment, computers, disks, and media seized by law
2    enforcement during the investigation of the offenses to which the
     defendant has pled guilty, including:

3           1. Cellular phone;

4    WHEREAS, on March 12, 2024, this Court accepted the guilty plea of
5    Defendant; and

6    WHEREAS, by virtue of the facts set forth in the plea agreement and the
7    forfeiture addendum, the United States has established the requisite nexus between
8    the forfeited properties and the offense, and the Court hereby orders the forfeiture to
9    the United States of the afore-described forfeited properties pursuant to Title 18,
10   United States Code, Section 2253; and

11   WHEREAS, by virtue of said guilty plea, the United States is now entitled to
12   possession of the above-referenced properties, pursuant to 18 U.S.C. § 2253 and Rule
13   32.2(b) of the Federal Rules of Criminal Procedure; and

14   WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
15   authority to take custody of the above-referenced properties which are hereby found
16   forfeitable by the Court; and

17   WHEREAS, the United States, having submitted the Order herein to the
18   Defendant through his attorney of record, to review, and no objections having been
19   received;

20   Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

21   1.    Based upon the guilty plea of the Defendant, the United States is hereby
22   authorized to take custody and control of the following assets, and all right, title, and
23   interest of Defendant ERNESTO INOWE in the following properties are hereby
24   forfeited to the United States pursuant to 18 U.S.C. § 2253 for disposition in
25   accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

26   (1) computer images and printed images determined by law enforcement
27   to depict minors engaging in sexually explicit conduct and

28

23-CR-2187-RSH

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses has pled guilty, including:

      1.  Cellular phone.

2.     The aforementioned forfeited assets are to be held by the Homeland Security Investigations in its secure custody and control.

3.     Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition.  The Court may enter an amended order without further notice to the parties.

4.     Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

23-CR-2187-RSH

6.     The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.     Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 10/16/24

*Robert S Huie*

Honorable Robert S. Huie
United States District Judge

23-CR-2187-RSH